QUESTION: Does the enactment of Ch. 74-372, Laws of Florida, mean that the twenty-one-year-old requirements set forth in s. 741.04, F.S., are still in effect, notwithstanding the provisions of s.743.07, F.S., removing the disabilities of nonage for all persons eighteen years of age or older?
SUMMARY: Section 741.04, F.S., as reenacted by the 1974 Florida Legislature in CS-HB 671 (Ch. 74-372, Laws of Florida), should be read as requiring consent of parents or guardian, prior to issuance of a marriage license, only for persons under the age of eighteen. Section 741.04, F.S., provides that marriage licenses may be issued to persons under the age of twenty-one only with the consent of their parents or guardians. However, in Ch. 73-21, Laws of Florida (s. 743.07[1], F.S.), the legislature provided that: The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older and they shall enjoy and suffer the rights, privileges and obligations of all persons 21 years of age or older except as otherwise excluded by the Constitution of the State of Florida immediately preceding the effective date of this act. . . . * * * * * Any law inconsistent herewith is hereby repealed to the extent of such inconsistency. . . . Therefore, after the effective date of Ch. 73-21 — July 1, 1973 — s. 741.04, F.S., had to be interpreted as allowing persons eighteen, nineteen, or twenty years of age to obtain marriage licenses without the consent of parents or guardians. Attorney General Opinion 073- 241. However, the 1974 Legislature recently passed Committee Substitute for House Bill 671 (Ch. 74-372, Laws of Florida), an act amending Ch. 741, F.S., to allow marriage licenses to be issued by clerks of circuit courts, as well as by county court judges. The words "or clerk of the circuit court," or similar ones, were added to all the relevant sections of Ch. 741, but the statutes were otherwise generally reenacted as they appear in the 1973 Florida Statutes. The twenty-one-year-old provision of s. 741.04 was, therefore, reenacted. Your question, then, is basically whether this reenactment evidences a legislative intent to change the minimum age for obtaining a marriage license without parental consent back to twenty-one years. I cannot conclude that there was such an intent, for several reasons, not the least of which is the ambiguity in the reenacted statute itself. Section 741.04, supra, as reenacted, provides, inter alia: If either of such parties shall be under the age of twentyone years, such county court judge shall not issue a license for the marriage of such party unless there shall be first presented and filed with him the written consent
of the parents or guardian of such minor to such marriage . . . . (Emphasis supplied.) The term "minor" is defined for Florida Statutes in s. 1.01(14), which was also a part of Ch. 73-21, supra, as "any person who has not attained the age of 18 years." Therefore, if the legislature had intended to return the age limit of s. 741.04 to twenty-one, it would surely have eliminated the reference to persons under that limit as "minors." Also, of course, the statute must be read in pari materia with other relevant Florida Statutes, including s. 743.07, F.S., which is the codification of those portions of Ch. 73-21, supra, removing the disabilities of nonage from eighteen-year-olds. Section743.07(1) expresses a clear legislative intent that all persons eighteen, nineteen, and twenty years old be treated the same as those twentyone or over, in every respect, "except as otherwise excluded by the state constitution . . . ." It would be illogical to interpret a subsequent enactment as making additional exclusions or exceptions unless an intention to do so was very clearly expressed. The legislative history of HB 671 also leads to the conclusion that the failure to change the twenty-one-year-old limit in s. 741.04, supra, to an eighteen-year-old limit was either inadvertent or considered unnecessary. The bill was originally introduced in 1973, before the age of majority was lowered, for the purpose of authorizing circuit court clerks to issue marriage licenses. The bill was passed out of committee (Judiciary) unanimously, but could not be passed before the 1973 Session ended. The same bill was again unanimously passed out of committee this year, with no discussion of the age provision at any of the committee hearings. The committee staff's notes indicate that the age provision was not changed to eighteen because such a change was included in a reviser's bill covering all statutes dealing with majority rights. Unfortunately, this reviser's bill (HB 4093) died on the Senate calendar after being passed overwhelmingly by the House and favorably reported by the Senate Judiciary Committee. It appears, then, that the twenty-one-year-old provision of s. 741.04, supra, was inadvertently reenacted when no one intended any change from the eighteen-year-old age of majority enacted in Ch. 73- 21, supra. Although some rules of statutory construction might lead to a conclusion that the twenty-one-year-old limit of s. 741.04 is again effective, I find it extremely unlikely that a court would reach that conclusion. Since the statute itself is ambiguous, and since all indications are that the legislature intended only that "minors" be required to have parental consent to be married, the statute would most probably be so construed. Whatever rules of statutory construction are used in interpreting this statute, they are all subordinate to effectuation of the legislative intent. American Bakeries Co. v. Haines City, 180 So. 524 (Fla. 1938). The intent and purpose of the legislature is the primary guide to statutory interpretation by the courts. Tyson v. Lanier,156 So.2d 833 (Fla. 1963). Section 741.04, supra, therefore, should be read as requiring the consent of parents or guardian only for persons under the age of eighteen.